# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LADANNA BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 18-cv-2204-SMY |
| OLIN CORPORATION, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Ladanna Brown, a former employee of Defendant Olin Corporation, filed this action alleging discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. The case is now before the Court for consideration of Olin's Motion to Dismiss with Prejudice Plaintiff's Complaint for Lack of Standing (Doc. 16). Brown filed a response (Doc. 19). For the following reasons, the Motion is **GRANTED**.

Brown worked as an inspector/packer for Olin from 1990 until she was terminated in December 2016. On March 29, 2017, Brown filed a voluntary petition seeking relief under Chapter 7 of the United States Bankruptcy Code (Doc. 16-1). She failed to list the claims asserted in this lawsuit in her Petition or Schedules. *Id.* Brown received a bankruptcy discharge on July 18, 2017.

On April 2, 2019, the United States Bankruptcy Trustee's Office filed a Complaint to Revoke Brown's discharge in the bankruptcy court after learning of the pending lawsuit (Doc. 11-2). In the Complaint to Revoke, the Trustee alleged that Brown failed to disclose her interest in the claim underlying this cause of action which accrued prior to her bankruptcy filing (*Id.*). Subsequently, the Trustee voluntarily dismissed the Complaint to Revoke and the entire

bankruptcy proceeding was dismissed on November 18, 2019 (Doc. 16, p. 2). Olin now moves to dismiss this litigation asserting that Brown lacks standing to pursue her claims because the claims are the property of the bankruptcy estate under Section 541 of the Bankruptcy Code.

Whether standing exists is a fundamental threshold inquiry in every federal case and determines the power of the court to entertain the lawsuit. *Rainey v. United Parcel Service, Inc.* 466 Fed.Appx. 542, 543–44 (7th Cir. 2012). Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed. *See* 11 U.S.C. § 541(a)(1); *Cannon Stokes v. Potter,* 453 F.3d 446, 448 (7th Cir. 2006) ("the estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims ..."). Unless the trustee abandons the claim, the bankruptcy estate retains ownership. *Matthews v. Potter,* 316 Fed.Appx. 518, 521 (7th Cir. 2009). The debtor may not pursue the claim on the behalf of the estate once the bankruptcy has been closed. *Rainey,* 466 Fed.Appx. at 544. If, however, a debtor reopens the bankruptcy case and informs the trustee of a previously undisclosed claim, and the trustee does not abandon the claim, the debtor may litigate the claim on behalf of the estate for the benefit of the creditors. *Id.*

All pre-bankruptcy legal claims belong to the bankruptcy estate and not the debtor. 11 U.S.C. § 541(a)(1); *Matthews,* 316 Fed.Appx. at 521. Brown does not dispute that the bankruptcy estate owns her claims against Olin, but she argues she should be permitted to remain a named plaintiff in order to seek "injunctive relief including reinstatement" (Doc. No. 18 at 2). The law is clear, however, that she does not have standing to seek even injunctive relief. The question of standing turns on when the claim accrued, and if the events giving rise to the litigation took place before the debtor filed for bankruptcy, the trustee owns the claim. *Kleven v. Walgreen Co.,* 373 Fed.Appx. 608 (7th Cir. 2010) (rejecting argument that the bankruptcy trustee had no interest in a

wrongful termination claim based on pre-termination events but not filed until after the bankruptcy closed). Brown was terminated in 2016 and filed for bankruptcy in 2017. Therefore, standing to prosecute this lawsuit rests exclusively in the bankruptcy trustee.

For the foregoing reasons, Defendant Olin Corporation's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED with prejudice** for lack of standing. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close the case.

**IT IS SO ORDERED.**

**DATED:  April 9, 2020**

**STACI M. YANDLE**
**United States District Judge**